# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE          )
                           )
          v.               )          I.D. No. 9804001318
                           )
LEROY SHELLEY,             )
                           )
          Defendant.       )

Submitted: January 8. 2020
Decided:  January 28, 2020

*Upon Defendant's Fourth Motion for Postconviction Relief*
**SUMMARILY DISMISSED.**

## ORDER

LeRoy Shelley, *pro se*, Smyrna, DE.

Brian J. Robertson, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorney for the State.

**WHARTON, J.**

This 28th day of January, 2020 upon consideration of Defendant's fourth Motion for Postconviction Relief[1] and the record in this matter, it appears to the Court that:

1. Defendant LeRoy Shelley ("Shelley") was convicted by a jury in 2007 of two counts each of Robbery First Degree, Kidnapping Second Degree, and Possession of a Firearm During the Commission of a Felony, as well as a single count of Conspiracy Second Degree. He waived his right to counsel and represented himself at trial. He was sentenced on March 6, 2008, but did not file a direct appeal. Instead, Shelley embarked on what has turned out to be a steady course of futile litigation described in this Court's denial of his most recent motion under Rule 35 to vacate his sentence.[2] The Delaware Supreme Court affirmed that decision.[3]

2. Undeterred, Shelley turns to Rule 61 for the fourth time seeking relief. In the present motion, he raises claims that: 1) the prosecutor engaged in prosecutorial misconduct by committing a *Brady* violation; 2) identifying him by his race violated his due process rights; 3) the trial court should have directed a verdict in his favor on three counts of the indictment – robbery first degree (IN07062478), possession of a firearm during the commission of a felony (IN07062479), and kidnapping second degree (IN06062483); 4) the evidence was insufficient to find him guilty; 5) the trial

---

[1] D.I.88.
[2] *State v. Shelley,* 2019 WL 3458725 (Del. Super. July 31, 2019).
[3] *Shelley v. State,* 20-20 WL 91816 (Del. Jan. 7, 2010).

court denied him due process by giving erroneous jury instructions; and 6) the trial court should have given lesser included offense instructions

3.    Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[4] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[5]

5.    Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[6] A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the

---

[4] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[5] *Id.*
[6] Super. Ct. Crim. R, 61(i).
[7] Super. Ct. Crim. R. 61(i)(1).

3

Delaware Supreme Court, applies to the movant's case and renders the conviction ... invalid."[8] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[9] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[10]

6. The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[11] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[12] The bars remain applicable here because Shelley has not claimed that the Court lacked jurisdiction, nor has he met the pleading requirements of Rule 61(d)(2)(i) or (d)(2)(ii).

7. This fourth motion is barred for multiple reasons. It is untimely, having been filed more than a year after Shelley's judgment of conviction became final. It is a successive motion, his fourth, that does not satisfy the pleading requirements of Rules 61(d)(2)(i) or (d)(2)(ii). It is subject to procedural default

---

[8] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] Super. Ct. Crim. R. 61(i)(5).
[12] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

4

because it raises grounds for relief not previously asserted without showing cause for relief from the procedural default and prejudice from a violation of his rights.

8.    Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[13] It is plain from this fourth motion and the record in this case that Shelley is not entitled to relief.

Therefore, since it plainly appears from Motion for Postconviction Relief and the record in this case that Shelley is not entitled to relief, the Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc:    Prothonotary
cc:    Investigative Services

---

[13] Super. Ct. Crim. R. 61(d)(5).